Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>BOOHOO.COM USA, INC., a Delaware Corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

Plaintiff August Image, LLC, through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

# PARTIES

4.     August is a New York limited liability company with its principal place of business located at 793 Broadway, New York, NY 10003. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive publisher, administrator, and syndicator of the photographs at issue in this case and the copyrights therein, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5.     Defendant BOOHOO.COM USA, INC. is a Delaware corporation with its principal place of business located at 8431 Melrose Place, West Hollywood, CA 90069. BOOHOO owns, operates, and/or controls the commercial websites boohoo.com, instagram.com/boohoo, and their related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "BOOHOO'S Website").

6.     On information and belief, Plaintiff alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with BOOHOO, the "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.     On information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts

or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

8.  August represents elite portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. One of August's photographers created an original photograph registered with the U.S. Copyright Office (collectively, the "Subject Photograph").

9.  Following the publication and display of the Subject Photograph, Defendants (and each of them) displayed, reproduced, distributed, and/or otherwise exploited verbatim copies of the Subject Photograph on BOOHOO'S Website for commercial purposes without a license, authorization, or consent from August (collectively, the "Accused Post").



| Subject Photograph | Accused Post |

10. To the extent Boohoo exploited the Accused Post (and/or any/all other copies of the Subject Photograph) more than three years before the date of this pleading, August did not know, and had no reason to know, of such exploitation(s).

11. Defendants, and each of them, had access to the Subject Photograph, including through Plaintiff's website, August's photographer's website, an authorized licensee of Plaintiff's, an Internet search engine, and/or another third-party website.

12. Defendants, and each of them, stored, copied, displayed, reproduced, distributed, and/or otherwise exploited the Subject Photograph without a license, authorization, or consent from Plaintiff, including in the Accused Post.

13. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

14. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photographs. This entitles Plaintiff to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photographs in an amount to be established at trial.

15. Upon information and belief, Plaintiff alleges that Defendants committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Plaintiff be awarded Defendants' profits, plus Plaintiff's losses, attributable to Defendants' infringement of the copyrights in Subject

      Photograph, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

  b. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

  c. That Plaintiff be awarded pre-judgment interest as allowed by law;

  d. That Plaintiff be awarded such further relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 10, 2023                DONIGER / BURROUGHS

                           By:   */s/ Stephen M. Doniger*
                                    Stephen M. Doniger, Esq.
                                    Benjamin F. Tookey, Esq.
                                    Attorneys for Plaintiff